BLD-241                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1471
_____

AURELIO VALVERDE,
AKA Aurelio Santiago Valverde,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-978-294)
Immigration Judge: Honorable Ramin Rastegar
_____

Submitted on Respondent's Motion to Dismiss and for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 14, 2018

Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: June 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioner Aurelio Valverde petitions for review of a final order of removal. The Government has filed a motion for summary disposition. We will grant the Government's motion and deny the petition for review.

Valverde is a citizen of Peru. He was admitted to the United States as a lawful permanent resident in 1991. Between 2006 and 2013, Valverde was convicted of receiving stolen property, driving with a suspended license, driving while intoxicated, burglary, and conspiracy to commit kidnapping, all in violation of New Jersey law. In 2014, the Department of Homeland Security charged Valverde with being removable as an alien who had been convicted of a crime of violence. See 8 U.S.C. § 1227(a)(2)(A)(iii). An Immigration Judge (IJ) ordered Valverde's removal, and Valverde appealed. The Board of Immigration Appeals (BIA) remanded and ordered the IJ to reconsider the matter in light of this Court's ruling in Baptiste v. Attorney General, 841 F.3d 601, 604 (3d Cir. 2016), that part of the federal statute defining "crime of violence" is unconstitutionally vague.

On remand, the Government lodged a new charge of removability, alleging that Valverde was removable because he had been convicted of two crimes involving moral turpitude (conspiracy to commit kidnapping and receiving stolen property). See 8 U.S.C. § 1227(a)(2)(A)(ii). Counsel for Valverde argued that the Government was not permitted to assert a new charge of removal on remand; the IJ rejected that argument. Counsel then conceded that Valverde had been convicted of two crimes involving moral turpitude, see A.R. at 117-19, but applied for cancellation of removal. The IJ denied the cancellation application, concluding that while Valverde was statutorily eligible, he did not warrant

2

relief as a matter of discretion. Valverde appealed to the BIA, raising two arguments—that the Government should not have been allowed to lodge the new removal charge and that the IJ should have granted cancellation of removal. The BIA affirmed.

Valverde filed a petition for review to this Court. He also filed a motion for a stay of removal, which we denied. After Valverde filed his initial brief, the Government filed a motion to dismiss the petition or for summary disposition. Valverde then filed a second motion to stay.

We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). However, because Valverde conceded removability for having committed two or more crimes involving moral turpitude, § 1252(a)(2)(C)'s jurisdiction-stripping provision applies. See generally Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006). As a result, our jurisdiction is limited to questions of law and constitutional claims. See § 1252(a)(2)(D).[1]

In his brief, Valverde raises just a single claim: that principles of res judicata or collateral estoppel barred the Government from filing a new charge of removal after the case had been remanded by the BIA. He is incorrect. The Government may file new charges of removal "[a]t any time," 8 C.F.R. § 1240.10(e); 8 C.F.R. § 1003.30—including after remand, see Yong Wong Park v. Att'y Gen., 472 F.3d 66, 73 (3d Cir. 2006) (rejecting judicial-estoppel challenge to post-remand amendment); Valencia-

---

[1] In his brief, Valverde does not challenge the agency's denial of his request for cancellation of removal. In any event, we note that we also lack jurisdiction to review the discretionary denial of cancellation of removal. See § 1252(a)(2)(B); Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

3

<u>Alvarez v. Gonzales</u>, 469 F.3d 1319, 1323-24 (9th Cir. 2006) (rejecting res-judicata challenge).

Having considered the Government's motion for summary disposition and to dismiss, we grant the Government's motion and will summarily deny the petition for review.  We also deny Valverde's motion for a stay of removal.